IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

IVAN FRANCISCO ESPANA-NAVARRETE,

Petitioner,

v.

WARDEN E. EMMERICH,

Respondent.

OPINION and ORDER

26-cv-782-jdp

Petitioner Ivan Francisco Espana-Navarrete, proceeding without counsel, seeks habeas relief under 28 U.S.C. § 2241. Dkt. 1. Espana-Navarrete contends that Bureau of Prison officials have unlawfully denied him earned-time credit under the First Step Act (FSA) based on an erroneous determination that he is subject to a final order of removal. But Espana-Navarrete concedes that he is subject to expedited order of removal issued pursuant to 8 U.S.C. § 1225(b)(1). *See id.* at at 3–4; Dkt. 1-1 at 1, 3.

Generally, only the court of appeals has jurisdiction to review final orders of removal. 8 U.S.C. § 1252(a)(5). Judicial review of expedited orders of removal under § 1225(b)(1) is allowed by habeas petition, but that review is limited to the issues defined in 8 U.S.C. § 1252(e)(2). Espana-Navarrete's petition does not fit within the scope of allowable petitions, and the FSA prohibits the BOP from applying his earned-time credit to his sentence because he's subject to a final order of removal. I will dismiss the petition.

## BACKGROUND

Espana-Navarrete is a native and citizen of Ecuador. *See* Dkt. 1-1 at 2. In September 2018, Espana-Navarrete was sentenced to 151 months' imprisonment in the Middle District

of Florida following his guilty plea to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. *See United States v. Espana-Navarrete*, 18-cr-123-3, Dkt. 158. Espana-Navarrete filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which was granted, reducing his sentence to 121 months' imprisonment. Espana-Navarrete is incarcerated at FCI Oxford and has a projected release date of September 1, 2027.

## ANALYSIS

The FSA contains a provision establishing a "risk and needs assessment system" allowing prisoners who successfully participate in evidence-based recidivism reduction programming or productive activities to earn credits to be applied toward time in prerelease custody or supervised release. *Nelson v. Keyes*, No. 22-cv-731-wmc, 2023 WL 4496766, at *1 (W.D. Wis. June 6, 2023) (citing 18 U.S.C. § 3632(d)(4)(A)). But the FSA prohibits the BOP from applying earned-time credit toward prerelease custody or supervised release if the prisoner is "the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i); *see also* 28 C.F.R. § 523.44(a)(2).

Espana-Navarrete is subject to an expedited order of removal issued under § 1225(b)(1). Judicial review of such orders is limited to the issues defined in § 1252(e)(2):

> (2) Habeas corpus proceedings
>
> Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—
>
> (A) whether the petitioner is an alien,
>
> (B) whether the petitioner was ordered removed under such section, and
>
> (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

§ 1252(e)(2). Espana-Navarrete acknowledges that none of these provisions applies to him. *See* Dkt. 1 at 3–5.

Espana-Navarrete contends that because § 1252 strips the court of jurisdiction to hear his challenges to the validity of the expedited order of removal, the Suspension Clause, U.S. Const. art. I, § 9, cl. 2, allows the court to hear the petition. *See* Dkt. 1 at 3–5, 14–17. He is mistaken. "The REAL ID Act clarified that final orders of removal may not be reviewed in district courts, even via habeas corpus [in all but limited cases], and may be reviewed only in the courts of appeals." *See Nasrallah v. Barr*, 590 U.S. 573, 580 (2020) (citing § 1252(a)(5)); *see also Sinisterra Mosquera v. Emmerich*, No. 26-cv-528-jdp, 2026 WL 2363613, at *2 (W.D. Wis. Aug. 14, 2026).

Espana-Navarrete is subject to a final order of removal. The FSA thus prohibits the BOP from applying his earned-time credits to his sentence and this court does not have the authority to review the merits of the final order of removal.

ORDER

IT IS ORDERED that:

1. Petitioner Ivan Francisco Espana-Navarrete's petition, Dkt. 1, is DENIED.
2. Petitioner's motion to expedite, Dkt. 3, is DENIED as moot.
3. The clerk of court is directed to enter judgment and close the case.

Entered November 6, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge